RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/1/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CALVIN JAMES | DOCKET NO. 10-CV-1706; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| OFFICER CURTIS MASON | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT & RECOMMENDATION
### TO DISMISS CERTAIN CLAIMS AND DEFENDANTS

Before the Court is the *pro se* complaint of Plaintiff Calvin James, filed *in forma pauperis* and pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] and the Federal Tort Claims Act ("FTCA"). Plaintiff is an inmate in the custody of the United States Bureau of Prisons ("BOP"), and he is incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-P"). Plaintiff's Bivens claim was raised in his original complaint against Officer Curtis Mason for the infliction of cruel and unusual punishment. His FTCA claim was raised in a supplemental and amending complaint against the United States and the Bureau of Prisons.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

**STATEMENT OF THE CASE**

Plaintiff alleges that on May 1, 2010, he was returning from the law library on a one-way move back to his housing unit. As he made his way to Tower 8, there "was a hold up" and the gate was closed. Plaintiff was waiting for the gate to reopen, along with other inmates and another staff member, Ms. Tolbert. The gate opened partially and stopped. Ms. Tolbert went through, followed by Plaintiff. When Plaintiff was walking through, the Defendant closed the gate, pinning Plaintiff between the gate and a post. While Plaintiff was trapped, the tower gate officer yelled at him that he should not have tried to walk through. The warden, who was nearby, yelled for the tower officer to immediately release Plaintiff. Plaintiff suffered pain in his back and chest as a result of the incident.

In an amended complaint, Plaintiff alleges that the United States and the Bureau of Prisons are liable for the acts of Officer Mason.

Finally, Plaintiff also mentions submitting a Federal Tort Claim, to which he has not received a response.

***Law and Analysis***

1.  **Bivens Claims**

To the extent that Plaintiff sues the United States, the Federal Bureau of Prisons ("BOP"), and Officer Mason in his official capacity under Bivens, his claims should be dismissed.

2

First, a plaintiff may not bring suit for damages against a federal agency under Bivens. See See Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1984)(noting that Bivens applies to individual agents, not agencies). Next a Bivens action against the United States is barred by the doctrine of sovereign immunity. See Gibson v. Federal Bureau of Prisons, 121 Fed.Appx. 549, 551 (5th Cir. 2004). Finally, a Bivens claim against a federal officer *in his official capacity* fails as a matter of law. See Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999)(observing that Bivens "provides a cause of action only against government officers in their individual capacities"); see also Williamson v. United States Dep't of Agriculture, 815 F.2d 368, 373 (5th Cir. 1987)(The doctrine of sovereign immunity "renders the United States, its departments, and its employees in their official capacities as agents of the United States immune from suit except as the United States has consented to be sued.")  Thus, Plaintiff's **Bivens** claims against the U.S., the BOP, and Officer Mason in his official capacity should be dismissed.

**Plaintiff's Bivens claim against Officer Mason in his individual capacity will be served on that defendant.**

2.   **F.T.C.A.**

The Federal Tort Claims Act (FTCA) is one statute pursuant to which the United States has waived sovereign immunity and has

3

consented to be sued. 28 U.S.C. §2671, et seq. However, only the United States can be sued under the FTCA. See McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998); Atorie Air Inc. v. F.A.A. of U.S. Dept. of Transp., 942 F.2d 954, 957 (5th Cir. 1991). Thus, to the extent that Plaintiff brings an FTCA claim against the BOP, his claim should be dismissed.

### *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims **against the Bureau of Prisons** be **DENIED** and **DISMISSED** with prejudice, and that his claim against Officer Mason in his **official capacity** be **DISMISSED WITH PREJUDICE** for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §1915(e)(2)(b). **Plaintiff's Bivens claim against Mason in his individual capacity and his FTCA claim against the United States of America are being served in accordance with Court order.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed in Alexandria, Louisiana, this 1st day of February, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE